See also 166 F.Supp. 324.

**In the Matter of the Application of David KAMERMAN, as Attorney and Counselor at Law of the State of New York, Petitioner, for an adjudication of said attorney's rights in the action of JBP Holding Corporation, Plaintiff,**

against

**The United States of America, Defendant.**

United States District Court
S. D. New York.

Sept. 21, 1960.

Sidney Feldshuh, New York City, for petitioner.

Schnur, Kupferman & Price, New York City, for JBP Holding Corp.

Warren L. Schnur, New York City, of counsel.

DAWSON, District Judge.

This is a proceeding to fix the lien of David Kamerman for services rendered by him in an action in this court entitled JBP Holding Corporation, Plaintiff, against United States of America, Defendant.

A hearing has been held and testimony taken. It appears that David Kamerman is a member of the bar of the State of New York and is also a certified public accountant. He has associated with him in the practice of law his sons, Jerome Kamerman and Morton Kamerman, who are also lawyers and certified public ac-

countants. He also has associated with him, as an employee, Louis Kovel, a former employee of the Bureau of Internal Revenue, who apparently is neither an attorney nor an accountant.

From time to time David Kamerman had performed legal services for one Joseph Shapiro and also for JBP Holding Corporation, which was a corporation owned by Mr. Shapiro. Certain tax controversies arose between JBP and the Bureau of Internal Revenue. Mr. Kamerman and his associates were unsuccessful in arriving at a satisfactory adjustment of these controversies in conferences with the Bureau of Internal Revenue. One controversy related to the income tax due by JBP for the fiscal year ending February 28, 1951. After negotiations with the Bureau had ended unsatisfactorily, JBP paid the tax assessed, which tax, with interest, amounted to $17,491.77.

On October 22, 1956 petitioner was retained by Mr. Shapiro on behalf of JBP Holding Corporation to file an action for a refund of these taxes. The services rendered in that action are the basis for the claim for a lien in this proceeding.

Petitioner admitted, with frankness, that he is not seeking any recovery for services rendered before the Bureau of Internal Revenue; that he had not billed for those services and did not intend to bill for those services, since they had ended unsuccessfully.

Therefore in this proceeding we are concerned solely with the services which were performed in the action for a tax refund. It appears from the bill of particulars and the testimony given at the hearing that the legal services performed and time spent were as follows:

David Kamerman: Conferences on the case with his son Jerome and employee Louis Kovel—4 hours

Jerome Kamerman: Conferences on the case, researching the law, drafting the complaint and reviewing a stipulation of settlement. He claims that he spent 38 hours in connection with the matter.

We therefore have a total of 42 hours of legal services rendered in connection with the action. Apparently work on the matter was also done by Mr. Kovel who, as has been stated, is neither a lawyer nor an accountant. Mr. Kovel claims that he spent 12.8 hours on the matter from the time the firm was retained to bring the refund action. Mr. Kovel's work consisted of conferences with Jerome Kamerman on the complaint, legal research, a conference with the Assistant United States Attorney in charge of the matter, which resulted in an offer of settlement, preparation of a written offer of settlement and telephone conferences necessary to consummate the settlement. The propriety of having an employee, not a member of the bar, perform these purely legal services and then charging for those services as legal services, is open to serious question. See In re Bercu, 1st Dept. 1948, 273 App.Div. 524, 78 N.Y.S.2d 209.

On June 9, 1958 the action for $17,491.77 was settled for $6,054.49. This amount, together with statutory interest of $1,767.74, was refunded. Pursuant to a stipulation of settlement and discontinuance the tax refund action was dismissed. The settlement apparently was satisfactory to the client.

In short summary, the services rendered consisted of conferences with the client, research of the law, preparation of the complaint, filing of the complaint, conference with the Assistant United States Attorney in charge of the matter and arriving at an agreement of settlement and securing the check in payment thereof.

It should be pointed out that the attorney for petitioner submitted a bill of particulars indicating that 164.6 hours were spent upon this matter. At the hearing it turned out that most of that time was not spent in connection with this tax refund action but rather in conferences with the Bureau of Internal Revenue which antedated the action and which proved abortive; and, as has been stated, petitioner himself frankly admitted that he had not billed for those services and did not intend to bill for them.

Considering the time spent on this matter, the nature of the matter, the nature of the services rendered, the experience and standing of the petitioner in the profession and the fact that when he was originally retained he expected to receive as his fee one-half of the amount of the tax refund (under an agreement which the Court has previously held to be champertous [D.C., 166 F.Supp. 324] and therefore void, but not so void as to deprive petitioner of payment for his services on a quantum meruit basis) the Court fixes the value of the services in connection with this matter at $1,500.

Petitioner shall have judgment in this amount and a lien upon the recovery of the tax refund for this amount, with interest thereon from June 9, 1958. So ordered.